**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **RAYMON GARCIA** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:22-CV-534** |
| | § | |
| **WALMART STORES TEXAS, LLC** | § | |
| *Defendant.* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff Raymon Garcia complains of Defendant Walmart Stores Texas, LLC and would respectfully show this Court the following:

### Parties

1.     Plaintiff, Raymon Garcia, is an individual and a resident of Harris County, Texas.

2.     Defendant Walmart, Inc. is a Foreign For-Profit Corporation and has already file dan answer.

### Subject-Matter Jurisdiction

3.     This Court has jurisdiction over the subject matter of this dispute because the matter in controversy exceeds $75,000 and is between citizens of different states.

### Venue

4.     Venue is appropriate in this district and division because a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas.

### Facts

5.     On December 5, 2021, Plaintiff entered the subject Walmart store.

6.     As Plaintiff entered the store, he slipped and fell on the floor.

7. The fall was captured on camera by Walmart's security cameras.

8. Defendant's employees identified a puddle of water at the entrance.

9. Following the investigation by Defendant's employees, Defendant determined that Plaintiff had slipped and fallen due to the puddle of water at the entrance.

10. The puddle of water had accumulated due to rain from outside.

11. Defendant has policy and procedures that are required to be followed during in climate weather.

12. Specifically, Defendant's employees are supposed to put wet floor mats at the store entrances to prevent outside water from accumulating on the floor inside the store.

13. The wet floor mats also help prevent war from being tracked in by wet shoes.

14. At the time of Plaintiff's fall, there were no wet floor mats at the store entrance where Plaintiff fell.

15. Following the fall, Defendant's employees put up a wet floor sign.

16. Following the fall, Defendant's employees put out wet floor mats at the entrance where Plaintiff fell.

17. Defendant's employees are required by Walmart to inspect its floors and entrances for unreasonably dangerous conditions.

18. Water on the floor is considered by Walmart to be unreasonably dangerous for its customers and guests.

19. Walmart employees are supposed to immediately clean up any water on the floor.

20. Walmart employees are supposed to immediately put up a wet floor sign when water is on the floor.

21. Walmart employees are never allowed to leave water on the floor because it could

cause a customer or guest to slip and fall and become injured.

22.     Walmart's front-end manager is responsible for inspecting the front of the store including vestibule area for unreasonably dangerous conditions.

23.     Walmart's people greeters are responsible for inspecting the front of the store including vestibule area for unreasonably dangerous conditions.

24.     Walmart's cart pushers/cart attendants are responsible for inspecting the vestibule area for unreasonably dangerous conditions.

25.     Walmart's maintenance employee is responsible for inspecting the vestibule area for unreasonably dangerous conditions.

25.     Defendant's employees did not put out a wet floor sign in the vestibule area before Plaintiff's fall.

26.     Defendant's employees did not provide any warnings to Plaintiff of the water puddle on the floor at the entrance.

27.     Defendant's employees did not inspect the vestibule area for unreasonably dangerous conditions within the 1 hour before Plaintiff's fall.

28.     Defendant's employees do not maintain any logs of their inspections of the vestibule area.

29.     Defendant's failure to identify the puddle of water on the floor at the entrance and make it safe substantially contributed to Plaintiff's fall and resulting injuries.

30.     Defendant's failure to provide Plaintiff a warning of the puddle of water on the floor at the entrance substantially contributed to Plaintiff's fall and resulting injuries.

31.     Plaintiff sustained serious and permanent injuries as a result of the fall.

32.     Plaintiff did not cause or contribute to his injuries that resulted from the fall.

33.     Plaintiff was not intoxicated at the time of the fall.

34.     Plaintiff was not on his cell phone at the time of the fall.

## Cause of Action: Premises Liability

35.     Under Texas law, for profit stores owe a duty to their customers to inspect the premises to identify unreasonably dangerous conditions.

36.     Under Texas law, for profit stores owe a duty to provide warnings to their customers of any unreasonably dangerous condition on their floors.

37.     Under Texas law, for profit stores owe a duty to provide customers and guests a walking surface that is reasonably safe.

38.     Defendant did not provide Plaintiff with a reasonably safe floor to walk.

39.     Defendant did not provide Plaintiff any warnings of the water at the store entrance.

40.     A for profit store using ordinary care would have foreseen that the injuries that Plaintiff suffered, or some similar injury, might reasonably result from failing to timely clean up the water at the store entrance.

41.     A for profit store using ordinary care would have foreseen that the injuries that Plaintiff suffered, or some similar injury, might reasonably result from failing to provide warnings to Plaintiff of the water at the store entrance.

42.     Plaintiff's fall would not have occurred had Defendant provided Plaintiff with a reasonable warnings of the water on the floor.

43.     Plaintiff's fall would not have occurred had Defendant put out a wet floor mat at the store entrance.

44.     Plaintiff's fall would not have occurred had Defendant provided Plaintiff with a

reasonable safe and non-wet floor to enter the store.

45.     It is customary in Defendant's industry to put out wet floor mats, at store entrance when it rains to prevent slip and fall injuries.

46.     It is customary in Defendant's industry to put out wet floor signs when there is water on the floor to prevent slip and fall injuries.

47.     It is customary in Defendant's industry to clean up the floor and make it safe on rainy days – especially at store entrances – to prevent slip and fall injuries.

48.     It is customary in Defendant's industry to assign an employee to frequently inspect and monitor store entrances on rainy days to prevent slip and fall injuries..

49.     The water on the store entrance was not as a result of a customer dropping or spilling water or some other liquid on the floor.

50.     No other person or entity caused or contributed to Plaintiff's fall.

51.     Plaintiff was not aware of the water on the floor at the store entrance.

52.     At all relevant times, Defendant's employees were acting in the course of scope of their employment with Defendant. Defendant is therefore vicariously liable for all acts of its employees under the theory of repondet superior.

### **Damages**

53.     As a result of its breach of the absolute, continuous, and non-delegable duties that Defendant owed to Plaintiff, Plaintiff has suffered:

   a.     Past and future physical pain and mental anguish;

   b.     Past and future physical impairment, disability, limitation of activities and loss of enjoyment of life; and

   c.     Past and future medical expenses.

## **<u>Prayer</u>**

Plaintiff prays that upon final hearing, this Court issue a judgment against Defendant for the damages it caused, pre- and post-judgment interest, all costs of Court, and all other relief to which he may show himself to be justly entitled.